**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Tracy E. Haggerty,
Petitioner Below, Petitioner

**v.)  No. 24-10** (Harrison County CC-17-2016-C-269)

Shawn Straughn, Superintendent,
Northern Correctional Facility,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Tracy E. Haggerty appeals the Circuit Court of Harrison County's December 7, 2023, order denying his petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred because he proved by a preponderance of the evidence that he was denied a fair trial under *Brady v. Maryland*, 373 U.S. 83 (1963). (setting forth the constitutional rule for producing exculpatory material).[2] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was indicted in Harrison County, West Virginia, on one count of first-degree murder. On February 12, 2003, in a bifurcated trial, the jury convicted the petitioner of first-degree murder and returned a verdict with a recommendation of no mercy. As a result, the circuit court sentenced the petitioner to a term of life imprisonment without the possibility of parole. The petitioner filed a direct appeal of his convictions, but he did not assert any *Brady* violation. In 2006, this Court refused his petition for appeal.

On June 28, 2016, the petitioner filed a self-represented petition for writ of habeas corpus. Counsel was subsequently appointed and an omnibus hearing was held on May 31, 2022. On December 7, 2023, the circuit court entered its order denying the habeas petition. Petitioner's habeas petition asserted that witness Roy A. Summers told the investigating officer that he believed

---

[1] The petitioner is represented by counsel David Mirhoseini. The respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] This Court has also held: "A prosecution that withholds evidence which if made available would tend to exculpate an accused by creating a reasonable doubt as to his guilt violates due process of law under Article III, Section 14 of the West Virginia Constitution." Syl. Pt. 4, *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982).

that the petitioner was using cocaine the night the victim was killed and that the petitioner wanted him to assist in murdering the victim in order to steal his money. According to the petitioner, the statement was not disclosed until the mercy phase of the trial,[3] in violation of *Brady*. The petitioner argued that if he had received Mr. Summers's statement sooner, he would have pursued a voluntary intoxication defense demonstrating his inability to form premeditation on the night of the murder due to his cocaine consumption.

There are three components of a constitutional due process violation under *Brady* and *Hatfield*, which are applied conjunctively, thus requiring that all three be satisfied: "(1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial." Syl. Pt. 2, in part, *State v. Youngblood*, 221 W. Va. 20, 650 S.E.2d 119 (2007). The circuit court concluded that the facts did not support a *Brady* violation. The circuit court found that the petitioner was aware of the conversation he had with Mr. Summers and that, by the exercise of reasonable diligence, could have introduced Mr. Summers's testimony at trial. The circuit court further found that Mr. Summers's statement was inculpatory and not exculpatory to the petitioner. Finding that the first two components of *Brady* were not met, the circuit court concluded that there was no merit to petitioner's alleged *Brady* violation and the habeas petition was denied.

We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims.[4] Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 21, 2025

---

[3] Mr. Summers's statement was not admitted at the mercy phase of the trial.

[4] After finding that the facts did not support a *Brady* violation, the circuit court evaluated the other habeas grounds asserted by the petitioner, and then denied the habeas petition. *See Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981) (setting forth the most common grounds for habeas relief).

2

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison